Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| HÉCTOR RODRÍGUEZ BLÁZQUEZ<br><br>Peticionario<br><br>v.<br><br>JUAN M. COLÓN RIVERA Y OTROS<br><br>Recurrido | KLCE202301415 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. MZ2021CV00119<br><br>Sobre: Persecución Maliciosa |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Juez Santiago Calderón[2]

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de febrero de 2024.

## I.

El 13 de diciembre de 2023, el señor Héctor Rodríguez Blázquez (señor Rodríguez Blázquez o peticionario) presentó una *Petición de Certiorari* en la que solicitó que revoquemos una *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario) el 20 de octubre de 2023, notificada y archivada en autos ese mismo día.[3] En el dictamen, el TPI declaró No Ha Lugar una solicitud del peticionario para enmendar la *Demanda* por persecución maliciosa y difamación que promueve en contra del señor Juan M. Colón Rivera, su esposa la señora Nydia E. Irizarry Martínez y la Sociedad Legal de Gananciales compuesta por ambos; el señor Roberto Vázquez

---

[1] OAJP-2021-086 del 4 de noviembre de 2021.
[2] Mediante Orden Administrativa OATA-2023-221, se designa a la Juez Santiago Calderón en sustitución de la Jueza Birriel Cardona, quien dejó de ejercer funciones como Jueza del Tribunal de Apelaciones.
[3] Apéndice de la Petición de *Certiorari*, págs. 979-982.

Ramos, su esposa la señora Irma Rivera Ramos y la Sociedad Legal de Gananciales compuesta por ambos; el señor Javier Colón Irizarry (señor Colón Irizarry), el señor Luis Muñiz Colón; Caribbean Urocentre, CSP; Advanced Urology Group, LLC (Advanced Urology Group); y West Urology Group, PSC (en conjunto, recurridos). A juicio del foro primario, la enmienda causaría perjuicio a los recurridos.

Ese mismo día, el señor Rodríguez Blázquez radicó una *Moción informativa sobre notificaciones* en la que informó que notificó el recurso a las partes por correo certificado y correo electrónico.

El 18 de diciembre de 2023, emitimos una *Resolución* en la que le concedimos a los recurridos un término de diez (10) días para expresar su posición en cuanto a los méritos del recurso.

El 26 de diciembre de 2023, el señor Colón Irizarry y Advanced Urology Group presentaron una *Solicitud de prórroga para presentar oposición a expedición de Certiorari e informativa de cierre* en la que solicitaron una prórroga de veinte (20) días, entre otras cosas.

El 27 de diciembre de 2023, el señor Roberto Vázquez Ramos, la señora Irma Rivera Ramos, el señor Luis Muñiz Colón, el señor Juan Colón Rivera, la señora Nydia Irizarry Martínez, West Urology Group PSC y Caribbean Urocentre, CSP radicaron una *Oposición a solicitud de petición de certiorari* en la que argumentaron a favor de la denegatoria de la expedición del auto solicitado o, en la alternativa, de la confirmación de la determinación recurrida.

El 12 de enero de 2024, emitimos una *Resolución* en la que le concedimos al señor Colón Irizarry y Advanced Urology Group un término final hasta el 19 de enero de 2024 para exponer su posición.

El 19 de enero de 2024, el señor Colón Irizarry y Advanced Urology Group presentaron una moción para adoptar por referencia el escrito en oposición presentado el 27 de diciembre de 2023 por los demás recurridos de epígrafe.

Contando con el beneficio de la comparecencia de las partes, pormenorizaremos brevemente los hechos procesales atinentes a la petición de *Certiorari*.

**II.**

El 29 de enero de 2021, el señor Rodríguez Blázquez presentó una *Demanda* en reclamo de daños y perjuicios por persecución maliciosa y difamación en contra de los recurridos.[4] En resumen, el peticionario les imputó haber promovido una demanda en la Corte Federal para el Distrito de Puerto Rico por prácticas monopolísticas con alegaciones falsas de que rindió servicios médicos inferiores, así como haber acudido a los medios de comunicación para repetir los supuestos alegatos infundados. Por todo ello, solicitó una indemnización de dos partidas de no menos de quinientos mil dólares ($500,000) cada una por los daños resultantes de la persecución maliciosa y por la difamación, respectivamente.

El 19 y 27 de abril de 2021, los recurridos radicaron sus contestaciones a la *Demanda*.[5]

Luego de múltiples trámites procesales, los cuales incluyeron el comienzo del descubrimiento de prueba escrito y la toma de deposiciones, el 11 de septiembre de 2023, el señor Rodríguez Blázquez presentó una *Solicitud de permiso para enmendar la Demanda* en la que solicitó que se autorizara la presentación de una *Demanda Enmendada* en la que cambió la identificación de los recurridos como "los urólogos del oeste" y añadió varias alegaciones.[6] En específico, el recurrido solicitó añadir lo siguiente a las alegaciones, según resumió en su petición de *Certiorari*:

1. Para el periodo entre el 2015 al 2018, al Plan de Salud del Gobierno ("PSG") se le conocía como Mi Salud. La isla estaba dividida en ocho (8) regiones geográficas. Por diseño del modelo del PSG, Triple-S Salud, Inc., ("Triple-S") advino a ser la aseguradora a cargo de la Región Oeste.

---

[4] Íd., págs. 1-11.
[5] Íd., págs. 93-103 y 110-117.
[6] Íd., págs. 907-924.

2. Cuando Triple-S asumió la administración de la Región Oeste, llevó a cabo un proceso para recibir propuestas para la provisión de servicios urológicos en el área oeste. El demandante Dr. Rodríguez sometió propuesta a través de una corporación suya de nombre Urologist, LLC. Los demandados "urólogos del oeste" sometieron su propuesta a través de una entidad de la cual todos, excepto Juan Colón, son miembros de nombre Puerto Rico Urology Group ("PRUG").

3. De ambas propuestas Triple-S escogió la del Dr. Rodríguez y rechazó la de los demandados "urólogos del oeste".

4. Todas las alegaciones de la Demanda en el Tribunal Federal siempre fueron falsas y carentes de fundamentos, como eventualmente determinó el propio Tribunal Federal al desestimar la Demanda en su totalidad. Así quedó confirmado por el Tribunal de Apelaciones para el Primer Circuito, al confirmar la desestimación en contra de MSO of Puerto Rico, LLC mediante opinión de 8 de diciembre de 2022. Con respecto a las alegaciones que involucraban a Triple-S, el Tribunal de Apelaciones para el Primer Circuito revocó y devolvió para que se lleve a cabo descubrimiento de prueba.

5. Ante el Tribunal Federal los aquí demandados "urólogos del oeste" nunca hicieron un esfuerzo por sustentar y someter la evidencia que sostuviera sus imputaciones en cuanto a la alegada conspiración entre el Dr. Rodríguez y MSO of Puerto Rico, LLC. En cuanto a las alegaciones de la conspiración entre el Dr. Rodríguez y Triple-S, los demandados "urólogos del oeste" no han presentado un ápice de prueba que corrobore sus alegaciones en contra del Dr. Rodríguez.

6. Estas actuaciones fueron motivadas por que la propuesta del Dr. Rodríguez fue seleccionada por Triple-S para la prestación de servicios urológicos a los beneficiarios del PSG de la Región Oeste en donde están los "urólogos del oeste".

7. El 15 de diciembre de 2020, mediante Resolución y Orden el Tribunal desestimó la Demanda en el Tribunal Federal en su totalidad. Así quedó confirmado por el Tribunal de Apelaciones para el Primer Circuito, al confirmar la desestimación en contra de MSO of Puerto Rico, LLC mediante opinión de 8 de diciembre de 2022. Con respecto a las alegaciones que involucraban a Triple-S. el Tribunal de Apelaciones para el Primer Circuito revocó y devolvió para que se lleve a cabo descubrimiento de prueba.

8. En cuanto a las alegaciones de la conspiración entre el Dr. Rodríguez y Triple-S, los demandados "urólogos del oeste" no han presentado un ápice de prueba que corrobore sus alegaciones en contra del Dr. Rodríguez.

Ese mismo día, el peticionario radicó una *Solicitud de recusación o inhibición del Honorable Juez Superior Tomás E. Báez Collado* en la que solicitó que el juez que presidía el caso se inhibiera o fuera recusado por alegada parcialidad a favor de los recurridos.[7] Esta petición fue denegada por el TPI en una *Resolución* del 17 de

---

[7] Íd., págs. 885-906.

octubre de 2023, la cual fue objeto de impugnación por el peticionario en el KLCE202301416.

El 15 de septiembre de 2023, los recurridos radicaron una *Moción en oposición a solicitud de Demanda Enmendada* en la que solicitaron al TPI que denegara la enmienda de la *Demanda*.[8] En suma, alegaron que el peticionario intentó dilatar los procesos y pretendió hacer alegaciones que no planteaban hechos nuevos respecto a las causas de acción de la reclamación.

El 19 de septiembre de 2023, el señor Rodríguez Blázquez presentó una *Réplica a Oposición a Demanda Enmendada* en la que reiteró su solicitud al TPI de que autorizara la *Demanda Enmendada*.[9]

El 20 de octubre de 2023, el TPI emitió la *Resolución y Orden* recurrida en la que declaró No Ha Lugar la solicitud de enmendar la *Demanda* promovida por el peticionario, entre otras cosas.[10] El foro primario concluyó que: (1) la enmienda le ocasionaría perjuicio a los recurridos, provocándole gastos innecesarios a la parte contraria al comenzar nuevamente el procedimiento de contestación de la demanda y el descubrimiento de prueba; (2) el peticionario no convenció ni puso en posición al Tribunal para conceder la enmienda; (3) varias de las enmiendas eran alegaciones nuevas en contra de los recurridos que en nada incidían en las causas de acción por persecución maliciosa o difamación; y (4) la demora de dos años y nueve meses en presentar la *Demanda Enmendada* sin aducir razón alguna que lo justificara constituía dilación de los procedimientos.

El 30 de octubre de 2023, el señor Rodríguez Blázquez radicó una *Moción de reconsideración sobre la denegatoria de la Demanda*

---

[8] Íd., págs. 938-942.
[9] Íd., págs. 961-965.
[10] Íd., págs. 979-982.

*Enmendada* en la que le solicitó al TPI que reevaluara su determinación.[11]

El 15 de noviembre de 2023, el TPI emitió una *Resolución* en la que denegó la reconsideración de la denegatoria a la enmienda de la *Demanda.*[12]

Inconforme, el señor Rodríguez Blázquez instó la *Petición de Certiorari* de epígrafe y le imputó al TPI la comisión del siguiente error:

> ERRÓ EL TPI AL DENEGAR LA DEMANDA ENMENDADA DE LA PARTE DEMANDANTE, A PESAR DE ESTA NO CAMBIAR LA NATURALEZA DEL CASO, NO OBLIGAR A LOS DEMANDADOS A INCURRIR EN GASTOS Y NO ALTERAR LA ESTRATEGIA DEL CASO, ABUSANDO DE SU DISCRECIÓN E INCURRIENDO EN UN FRACASO A LA JUSTICIA

Según arguyó, procesalmente, esta Curia posee jurisdicción para atender el recurso y, en los méritos, la *Demanda Enmendada* no representaría perjuicio alguno a los recurridos, no cambiaría la naturaleza ni la estrategia del caso y no obligaría a los recurridos a incurrir en gastos. Es su posición que la enmienda de la demanda, presentada previo a la Conferencia con Antelación a Juicio, únicamente buscaba conformar las alegaciones a la información que surgió de las deposiciones tomadas en junio de 2023. Asimismo, planteó que la determinación del TPI era contradictoria porque concluyó que las enmiendas propuestas eran alegaciones parafraseadas que no aportaban nada nuevo y, a la misma vez, coligió que representarían perjuicio a los recurridos. En contrario, adujo que las enmiendas se limitaron a identificar a los recurridos por el nombre que eran conocidos en el área oeste de la Isla y añadir ciertas alegaciones para expandir las originales.

El 27 de diciembre de 2023, el señor Roberto Vázquez Ramos, la señora Irma Rivera Ramos, el señor Luis Muñiz Colón, el señor Juan Colón Rivera, la señora Nydia Irizarry Martínez, West Urology

---

[11] Íd., págs. 995-1001.
[12] Íd., pág. 1021.

Group, PSC y Caribbean Urocentre, CSP presentaron una *Oposición a solicitud de petición de certiorari* en la que solicitaron que declaremos No Ha Lugar la *Petición de Certiorari* o, en la alternativa, que confirmemos la *Resolución y Orden* recurrida. En síntesis, argumentaron que enmendar la *Demanda* en esta etapa procesal del caso les causaría perjuicio a los recurridos porque ocasionaría que tuvieran que contestar la demanda nuevamente y se prestaría para reabrir el descubrimiento de prueba. Asimismo, plantearon que las enmiendas propuestas eran innecesarias y no debían permitirse, toda vez que no aportaban nuevos alegatos o hechos ciertos, concretos o evidentes sobre difamación o persecución maliciosa. Según puntualizaron, el propio peticionario admitió que no existían cambios sustanciales en la *Demanda Enmendada*. Todavía más, alegaron que el peticionario no demostró que, al impedir las enmiendas, el TPI causó un fracaso irremediable de la justicia o actuó con perjuicio o parcialidad, o en abuso de su discreción.

El 19 de enero de 2024, el señor Colón Irizarry y Advanced Urology Group LLC radicaron una moción en la que se unieron por referencia a la oposición de los demás recurridos.

**III.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de las de Procedimiento Civil de 2009, según enmendada, 32 LPRA Ap. V, R. 52.1,[13] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corporation, et als.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. de Caguas v. JRO Construction,*** 201 DPR 703 (2019). Nuestro rol al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela que debemos ejercer para no interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. ***Torres Martínez v. Torres Ghigliotty,*** 175 DPR 83, 97 (2008).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que

---

[13] Esta Regla dispone que:

[....]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. (Énfasis nuestro).

ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[14]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Íd.; ***Medina Nazario v. McNeil Healthcare LLC***, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451, 459 (2011); ***Pueblo v. Rivera Santiago***, 176

---

[14] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

DPR 559, 580 (2009); **Negrón v. Srio. de Justicia**, 154 DPR 79, 91 (2001); **Bco. Popular de P.R. v. Mun. de Aguadilla**, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". **Citibank et al. v. ACBI et al.**, supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". Íd., pág. 736. Véase, además, **Trans-Oceanic Life Ins. v. Oracle Corp.**, 184 DPR 689, 709 (2012); **Lluch v. España Service Sta.**, 117 DPR 729, 745 (1986).

**IV.**

Tras un análisis objetivo, sereno y cuidadoso de la *Petición de Certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no atisbamos motivo o error alguno que amerite nuestra intervención. No intervendremos con el manejo del caso que ha establecido el TPI. La determinación del foro primario es esencialmente correcta en derecho.

**V.**

Por las razones esbozadas, se *deniega* la expedición del auto de *certiorari.*

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones